# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

DAMALI MUDINA KAFI,
*also known as*, Edward L. Jackson, Sr.,

                Plaintiff,

           v.                                       Case No. 07-C-759

MATTHEW J. FRANK, WILLIAM J. POLLARD,
MICHAEL BAENAN, PETER ERICKSEN,
CAPTAIN BRANT, WILLIAM SWIEKATOWSKI,
MARK LESATZ, CO II BUTTERFIELD,
CO II VANDERWALL, CO II JOHNSON, and
MICHAEL MOHR,

                Defendants.

---

## ORDER

---

      Plaintiff Damali Mudina Kafi, who is currently incarcerated at the Wisconsin Resource Center, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

      The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months.

The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $7.95.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair

2

notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __,

127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim,

the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic*

*Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading

requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-

71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a

claim, the complaint should be dismissed "without further ado." *Id.* at 970.

      To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she

was deprived of a right secured by the Constitution or laws of the United States, and 2) that the

deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v.*

*Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations,

however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting Estelle

v. Gamble, 429 U.S. 97, 106 (1976)).

      The plaintiff was incarcerated at the Green Bay Correctional Institution ("GBCI") at all times

relevant to this action. The defendants are Wisconsin Department of Corrections Secretary Matthew

J. Frank; GBCI Warden William J. Pollard; GBCI Deputy Warden Michael Baenan; GBCI Security

Director Peter Ericksen; Captain Brant; Lieutenant William Swiekatowski; Lieutenant Mark Lesatz;

CO II Butterfield; CO II Vanderwall; CO II Johnson; and Inmate Complaint Examiner Michael

Mohr. Defendants Frank and Pollard are sued in their official capacities; the remaining defendants

are sued in their individual capacities.

      According to the complaint, on October 5, 2006, the plaintiff had a verbal altercation with

defendant Ericksen during which time Ericksen made several threats. One of the threats that

3

defendant Ericksen made and followed through with was to was remove the plaintiff from his position as a law clerk in the prison law library and to place him in temporary lockup status ("TLU") for allegedly possessing pornography in his work area. While the plaintiff was in TLU, defendant Brant issued him a bogus conduct report alleging that the plaintiff was attempting to start an inmate gang and charging him with Group Resistance and Petition. The plaintiff spoke with defendant Ericksen regarding the bogus conduct report written by defendant Brant and then Ericksen threatened the plaintiff again. After that, the plaintiff wrote and complained to Ericksen's supervisors regarding his unprofessional, vindictive behavior.

While in TLU, the plaintiff had several verbal altercations with defendant Vanderwall. In addition, he filed an inmate grievance because Vanderwall would not provide the plaintiff with toilet paper. On December 20, 2006, the plaintiff was released from TLU because he was found not to have been the author of the letter that was the subject of defendant Brant's conduct report and because defendant Ericksen failed to issue a conduct report for possession of pornography. However, in mid-January, the plaintiff encountered defendant Erickson who told the plaintiff that his action in "snitching" to Erickson's supervisors would cost him and that the plaintiff would not be "liberated" for long. (Compl. at 5.)

On February 9, 2007, several officers in tactical gear roused the plaintiff from his bed and took him to segregation. The plaintiff was placed in TLU pending an investigation into a possible disturbance and he remained in TLU status for over three months without further notice of what rules he allegedly violated. During this three month period, the plaintiff was denied access to his legal materials. In addition, his mail and at least one known major property item, the plaintiff's Hot Pot, was routed to an inmate housed at the Wisconsin Secure Program Facility. On March 28 and May

4

4, 2007, the plaintiff complained to defendant Mohr but Mohr arbitrarily dismissed the first complaint and he failed to addressed the second one. The plaintiff alleges that defendant Mohrs is part of a larger conspiracy.

On May 21, 2007, the plaintiff was served with another bogus conduct report that was written by defendant Swikatowski and approved by defendant Ericksen. This conduct report charged the plaintiff with battery (conspiracy), inciting a riot (conspiracy), and group resistance and petition. Defendant Vanderwall fabricated a story in which he overheard the plaintiff make several incriminating statements. The plaintiff attempted to have a witness at his due process hearing, however, defendant Ericksen manipulated the process by delaying and then having a subordinate arbitrarily deny the attendance of said witness. On May 30, 2007, the plaintiff had a "quasi-due process hearing" before defendant Brant who disregarded the plaintiff's evidence and found him guilty of the first two counts and sentenced him to eight days adjustment and 360 days program segregation. Since that time, the plaintiff spoke with defendant Vanderwall and asked him why he fabricated part of the statement in the conduct report. Defendant Vanderwall responded, "it was 'bigger' than me." (Compl. at 7.) The plaintiff asked what he meant and Vanderwall stated, "you pissed a lot of powerful people off." *Id.*

Since and prior to that time, defendants Lesatz, Butterfield, Baenan, and Mohr have conspired to deprive the plaintiff of his personal property and legal documents. On June 10, 2007, Lesatz obtained the plaintiff's property from Segregation Property Storage at which time Lesatz summoned several inmates, only two of which the plaintiff is aware. Defendant Lesatz provided inmate Leonard Davis with legal documents that belonged to Davis and also the personal legal documents of several other inmates who had entrusted the documents to the plaintiff as well as other legal

5

documents belonging to the plaintiff. Defendant Lesatz also gave another inmate a copy of his case file, which belonged to the plaintiff.

Defendant Baenan authorized Lesatz to give the plaintiff's property away. Defendant Mohr has impeded any meaningful investigation into the legitimacy of the plaintiff's complaints regarding his property. Defendant Pollard assisted in the furtherance of the conspiracy and also allowed for such a policy to continue to exist. Defendant Swiekatwoski acted as a minion of Ericksen in issuing the retaliatory conduct report.

Defendant Erickson has continued a campaign of harassment. In addition, defendant Johnson has made verbal threats to the plaintiff and other inmates regarding tampering with the plaintiff's food.

The plaintiff claims that the defendants he has been the subject of a retaliatory campaign of harassment. He also claims that the defendants deprived him of his property without due process. Finally, the plaintiff claims that the defendants misdirected his mail and personal belongings.

The court finds that the plaintiff has alleged sufficient facts to support a claim that his constitutional rights were violated. He may proceed on a retaliation claim based on allegations that the defendants retaliated and conspired to retaliate against him for complaining to prison officials about other prison officials' conduct. In addition, the plaintiff may proceed on a procedural due process claim based on allegations of confiscation of his property. Finally, the plaintiff may proceed on a First Amendment claim based on allegations of interference with his mail.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma*

6

*pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $342.05 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed

with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this <u>14th</u> day of November, 2007.

BY THE COURT:


<u>/s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

8