UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMALI MUDINA KAFI,

    Plaintiff,

v.                                Case No. 07-C-759

MATTHEW J. FRANK, et al.,

    Defendants.

**ORDER**

Defendants filed a motion for summary judgment on September 5, 2008. Attached to their motion were the rules governing summary judgment, which are required in pro se cases. *See* Civil L. R. 56.1. Plaintiff has not responded. For the reasons given below, the motion will be granted and the case dismissed.

The screening order sets forth a summary of the allegations contained in the complaint. In short, the complaint alleges that a number of defendants were part of a large conspiracy to retaliate against the Plaintiff in prison after Plaintiff complained about the conduct of some officials. The alleged retaliation took the form of temporary lockups, bogus conduct reports, the taking of Plaintiff's hot pot and the mis-routing of two letters. All of these actions were designed (allegedly) to punish or intimidate the Plaintiff. The case was allowed to proceed on the retaliation claim, as well as on claims alleging violations of due process and the First Amendment.

The Defendants, of course, tell a far different story. The punishments and incidents Plaintiff complains of were justified, they assert, by the Plaintiff's own actions (including possession of

pornography) and by their belief that he was involved in inciting a prison strike and possible riot. The Defendants have supported their motion by showing that Plaintiff's protected activity was not a substantial or motivating factor in their actions. Moreover, they note, there is no evidence that some of the actions even occurred (e.g., the misplacing of Plaintiff's hot pot or personal mail). But it is not a matter of believing one side over the other. Plaintiff has been informed of the rules governing summary judgment, and key among these is Fed. R. Civ. P. 56(e), which states that

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Plaintiff has not responded to the motion for summary judgment, and accordingly the Defendants' explanation for their conduct remains uncontested. Because a retaliation claim turns on the Defendants' motivation, and because their non-retaliatory motivation is uncontested, summary judgment is appropriate under Rule 56(e). To the extent other claims are alleged (e.g., due process violations stemming from denial of property or First Amendment violations due to mishandling of mail), Plaintiff has not supplied any evidence that these events even occurred.

Accordingly, the motion for summary judgment is **GRANTED**, and the case is **DISMISSED**.

Dated this 30th day of December, 2008.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge

2

Case 2:07-cv-00759-WCG   Filed 12/30/08   Page 2 of 2   Document 40